STATE OF MISSOURI ex rel. PETER MURPHY and ALICE JOHNSON, Relators, v. CHARLES L. HENSON, Judge of the Circuit Court of Newton County, Missouri, Respondent.

205 App.—19

State ex rel. v. Henson.

1. **TRIAL:** Order Requiring Defendants to Produce Diamond Sought to be Replevied in Court at Trial Held Proper. In replevin, involving issue whether diamond found by defendants was that of plaintiff, which plaintiff claimed had a peculiar defect making it possible to easily indentify it, the court was authorized to grant plaintiff's motion for order requiring defendants to produce the diamond at the trial in order that it might be identified, notwithstanding Revised Statutes 1909, sections 1944, 1945, as to discovery.

2. **CONSTITUTIONAL LAW:** Order Requiring Defendants in Replevin to Produce Goods for Identification at Trial Held not Unconstitutional, Though Violation Might Result in Imprisonment. Order requiring defendants in replevin to produce diamond at time of trial for identification on issue of whether diamond found by defendant was that of plaintiff *held* not objectionable as against contention that it might result in incarceration for violation thereof, and hence imprisonment for debt, in violation of Constitution, Art. 2, section 16, since the mere fact that plaintiff might recover a judgment for the value of the diamond would not make the order imprisoning defendants for contempt an imprisonment for debt.

Appeal from the Circuit Court of Newton County.—*Hon. Chas. L. Henson,* Judge.

WRIT DENIED.

*B. H. Coon* and *John H. Flanigan* for relators.

*T. C. Tadlock* and *Geo. J. Grayston* for respondent.

FARRINGTON, J.—This is an original proceeding, begun here by the relators, which seeks to prohibit the Honorable Charles L. Henson, Judge of the Circuit Court of Newton County, Missouri, from enforcing an order made by him in a replevin suit pending in that court, wherein Riley F. Robertson was the plaintiff and the relators here were defendants. Such replevin suit was brought for the purpose of recovering a diamond, described in the petition, alleged to be at the time in the possession of the relators here. It appears that a writ of replevin was issued, authorizing and directing the sheriff to take the diamond from the relators and

deliver it to the plaintiff in that suit, Riley F. Robertson, and it further appears that the sheriff did not execute this writ.

In order to make clear the issue here, we set forth the relator's petition for the Writ of Prohibition, which is as follows:

"Plaintiff's relators, Peter Murphy and Alice Johnson, respectfully state that the respondent, Charles L. Henson, is the duly elected, qualified and acting judge of the Circuit Court within and for Newton County, Missouri, and was such at all times mentioned in this application.

Relators state that at the October term, 1919, of Circuit Court for Newton County, Missouri, there was pending a certain action in replevin for the recovery of the possession of one diamond, wherein Riley F. Robertson was plaintiff, and your relators were defendants, and that said cause is still pending and undisposed of.

That at said term of said circuit court the plaintiff filed a motion in said cause, the same being in words and figures (omitting caption) as follows, to-wit.

Comes now the plaintiff in the above entitled cause and states that the diamond involved in said cause as the subject matter of the controversy is in the possession of the defendants, Peter Murphy and Alice Johnson, and has been in their possession and under their cotrol continuously since sometime before the filing of this suit; that the question of identity of said diamond is an important issue in this case in that plaintiff claims that said diamond is his own property, which was lost by or stolen from him and in some manner came into possession of said defendants, and that the diamond claimed by plaintiff has a fault or defect peculiar in its nature; that various persons knew said diamond when it was in the possession of the plaintiff and would be able to determine upon inspection of the diamond in the possession of the said defendants whether it is the same diamond which was formerly in the possession of the plaintiff, and that such inspection and identification

is necessary to determine the issue of ownership and right to possession thereof, and plaintiff knows of no other or better method or. manner of having the identity of said diamond determined. Wherefore plaintiff moves the court for an order requiring the said defendants to produce and have said diamond at the trial of this cause as now set on Monday, October 20, 1919, or at such other time as the same may be heard in order that the same may be used as evidence in said cause.

That thereafter, at the same term of said circuit court for Newton County, Missouri, the respondent, acting upon said notion, made the following order (caption omitted), to-wit.

Now on this day comes on for hearing the motion heretofore filed by the plaintiff, praying for an order to require defendants, Peter Murphy and Alice Johnson, to produce and have at the trial of this cause in order that same may be used as evidence of its identity a certain diamond described in the petition herein and in said motion, and the plaintiff appearing in person and by his attorney T. C. Tadlock and Geo. J. Grayston, and the defendant, Peter Murphy appearing in person and by his attorneys, Bryon H. Coon and John H. Flanigan, and the defendant, Alice Johnson, appearing by her attorneys, Bryon H. Coon and John H. Flanigan, and the parties announcing ready for trial, and the facts stated in said motion, which is duly verified, being uncontroverted, after hearing the argument of counsel, the court finds that the said diamond is in the possession of and under the control of the said defendants, Peter Murphy and Alice Johnson, and that it is necessary, reasonable and proper that the said diamond should be so produced, the said motion is sustained and the said defendants are hereby ordered to produce and have the said diamond at the trial of this cause at the next regular term of this court on the day when said cause shall be set for trial, in order that the same may be available and may be used in evidence in said cause by either party thereto.

Relators state that said cause is now set for trial in said court for Monday, the 1st day of March, 1920, on whch date, unless respondent be prohibited from enforcing the order aforesaid, your relators will be required by said motion to produce said diamond.

Your relators state that even if the respondent as circuit judge had the general power to make similar orders, in this instance he had no such power or authority for the reason that discovery may never be required merely to enable a plaintiff to determine whether he has a cause of action or not; that the action wherein said order was made, being replevin, is one where the plaintiff is bound to allege and prove that the relators are wrongfully withholding from said Robertson a diamond of his own property; that it appears by said motion above set out and by the order of respondent, based thereon, that said Riley F. Robertson resorted to said motion for the sole purpose of determining whether the diamond alleged to be in relators' possession is the property of the plaintiff, thus clearly establishing that plaintiff in said cause has resorted to such motion not in support of a well established cause of action, but for the purpose of determining whether he has a cause of action or not.

Your relators represent that the action in which said motion was made and sustained was an action at law; that the relief afforded by respondent judge, in sustaining said motion, is of an equitable nature, not properly allowable by law, and that said judge was without power or authority, in a law action, to grant relief, which, if allowable at all, was only allowable by independent action in equity.

Your relators represent that in said action, being in replevin, the circuit court had issued its writ of replevin commanding the sheriff to take said diamond and deliver same to plaintiff; that by so doing said court has exhausted its power in the premises, and that respondent, as judge of said court, was without power to make the order above set out for the reason that such order had already been embraced in the writ of

replevin itself, and for the reason that to enforce such order by commitment for contempt would constitute a violation of the provision of the constitution of the State of Missouri, to-wit, Sec. 16 of Article 2, "that imprisoment for debt shall not be allowed except for the non-payment of fines and penalties imposed for violation of law," and would violate Sec. 11 of Article 2 of the Constitution of Missouri, prohibiting searches and seizures.

Relators state that the respondent's authority and power to require and compel discovery is limited by the statutes of Missouri, Sections 1944 et seq. to discovery of books, papers and documents and that the order sustaining said motion was in excess of the statutory authority vested in respondent.

That the order sustaining said motion constitutes a usurpation of judicial power not vested by law or statute in the respondent and that respondent should be prohibited from enforcing obedience thereto. That relators have no adequate remedy at law for the prevention of enforcement of said order. That no application for the relief herein sought has been made to any court or judge whatsoever.

Wherefore, plaintiff prays that the respondent, as judge of the circuit court for Newton County, Missouri, be forever prohibited from enforcing the order aforesaid, and that said order be set aside, annulled and for naught held, and for all proper relief."

The respondent waived the issuance and service of the preliminary writ and demurred to the application made by the relators for the reason that it does not state facts suffcient to authorize the relief prayed for, or for any relief.

The cause was argued and submitted on briefs of attorneys in this court, and the whole question to be determined here is whether the circuit court of Newton County had, acting within its discretion, the inherent power in the replevin suit pending before it, wherein the relators here were defendants and Riley F. Robertson was plaintiff, to make an order on the relators to

produce and have at the trial of that cause, that the same may be used as evidence of its identity, a certain diamond alleged and found to be in the possession of the relators.

The authorities cited here indicate that in the absence of a statute authorizing such an order, there is some division of opinion as to the power of the court to make it. Relators cite us to 18 Corpus Juris, 1120, which holds that discovery is not permitted to enable a party to ascertain whether he has a cause of action, citing a number of cases among which is Moore v. Crane Sons & Co., 175 App. Division, 972, 161 N. Y. Sup. 984. The cases support relators' contention here so far as the New York courts have held on this question at the time 'their statute was similar to our statute, sections 1944 and 1945, Revised Statutes 1909. We are, however, convinced that the courts of Missouri have held to the opposite view. In the recent case of State ex rel. American Mfg. Co. v. Thomas L. Anderson, Judge, 270 Mo. 533, 194 S. W. 268, the Supreme Court in the case where one Zasemowich filed a suit for personal injuries against the American Manufacturing Company, and upon his application the respondent, the Honorable Thomas L. Anderson, Judge of the Circuit Court of the City of St. Louis, before whom said law suit was pending, made an order in that case requiring the defendant to permit plaintiff and his counsel to visit its plant, to enter upon its premises with experts and photographers, to inspect, measure, make drawings, and take photographs of certain portions of its plant and machinery, for the purpose of being used as evidence in said cause. The court granted the preliminary writ, and the sole ground of the relators there refusing to comply with the order was that trial courts in this state were, until the Legislature chose to act, without authority to make such an order. The Supreme Court, in passing upon the case, held that the circuit Courts of the State have the power to make such orders, and we think establishes the right to have witnesses inspect articles in question.

In the case before us, the order required that the diamond be produced at the trial. The subject is extensively dealt with in the opinion written by Woodson, Judge, the authorities are reviewed, and we think clearly holds that the trial court had the inherent power to make the order in this case.

The relators admit by their pleadings that a replevin suit was begun for this diamond against them, and that although such writ issued, the relators still have the possession of the diamond and had it on the trial of the application for the order herein complained of. Relators mistake the purpose of the application for the order and the order made. "The plaintiff in the replevin suit alleges, and it may be assumed will testify that the diamond admittedly in the possession of defendants is his; that the diamond lost by him and in possession of the relators bears certain marks; he then asks that he may have the benefit of certain evidence in the possession of the defendants in that replevin suit for the purpose of corroborating, and with more certainty establishing the evidence of his claim. We fail to see how the relators in this case could be in any way injured by complying with this order. It was stated in the oral argument, without contradiction, that the relators do not claim the ownership of this diamond but claim the possession of it by reason of having found it. If the diamond by its inherent markings or flaws assists in establishing the ownership thereof in the plaintiff, then the truth will have been ascertained and justice will have been done. If, on the other hand, the diamond does not corroborate the plaintiff's story in his description of the diamond lost by him and claimed to be in the possession of the defendants, then it will work to the detriment of the plaintiff in the replevin suit and to the advantage of these relators. When the relators shall have complied with the order of the trial court and the diamond is produced in court, it will be under the control and direction of that court and can be used in such manner as the court shall order it to be used, and that

to the end that it be used merely as evidence in establishing or defeating the plaintiff's claim thereto in the replevin suit.

It must be admitted, as stated by Mr. Wigmore, in his work on evidence, Vol. 4, sec. 2194, that every person owes a duty to the community to disclose, for the purpose of justice, all that is in his control which can serve the ascertainment of the truth, and that this duty extends to chattels and premises within his control." The subject is extensively treated by this same author, in the same volume, sections, 2192, 2193 and 2194.

In the case of Clark v. Tulare Lake Dredging Co., 14 Cal. App., 414, 112 Pac. 564, which case was cited with approval in State ex rel. American Mfg. Co. v. Anderson, supra, the Judge, in speaking for that court, concerning an order allowing a witness to inspect machinery, said: "So far as we know, no express provision of law authorizes the course adopted by the court. But every court has certain inherent power—power which, exercised within reasonable and proper limits, authorizes it to go beyond its express powers where the interest of justice imperatively demands such a course." [See 3 Jones on Evidence, sec. 402, pages 33 and 34.]

Relators further object to the order on the ground that it might result in incarceration for violation thereof and hence imprisoment for debt. Such objection might as well be made against an order for inspection, or against an ordinary subpoena to appear and testify. The mere fact that the plaintiff in the replevin suit might have a judgment for the value of the diamond would not make the order imprisoning relators for contempt an imprisoment for debt. [Meeks v. State, (Arkansas) 96 S. W. 378.]

The temporary writ heretofore issued by this court is quashed and the proceeding dismissed.

*Sturgis, P. J.,* concurs and *Bradley, J.,* dissents in separate opinion.

BRADLEY, J. (dissenting—In using the words plaintiff and defendants I have reference to the replevin suit. I do not believe that a court of law has the inherent power to order into court for the purpose of determining whether plaintiff has a cause of action the subject-matter of the litigation. And that is all that I can see in the order in this cause. The motion upon which the order is based is a follows:

"Comes now the plaintiff in the above entitled cause and states that the diamond involved in said cause as the subject-matter of the controversy is in the possession of defendants, Peter Murphy and Alice Johnson, and has been in their possession and under their control continuously since some time before the filing of this suit; that the question of identity of said diamond when it was in the possession of the plaintiff and tiff claims that said diamond is his own property, which was lost by or stolen from him and in some manner came into possession of said defendants, and that the diamond claimed by plaintiff has a fault or defect peculiar in its nature; that various persons knew said diamand when it was in the possession of the plaintiff and would be able to determine upon inspection of the diamond in the possession of the said defendants whether it is the same diamond which was formerly in the possession of the plaintiff, and that such inspection and identification is necessary to determine the issue of ownership and right to possession thereof, and plaintiff knows of no other or better method or manner of having the identity of said diamond determined. Wherefore plaintiff moves the court for an order requiring the said defendants to produce and have said diamond at the trial of this cause as now set on Monday, October 20, 1919, or at such other time as the same may be heard in order that the same may he used as evidence in said cause."

Plaintiff presumably alleges in his affidavit that he is the owner of the diamond. In his motion he alleges that said diamond, that is the one he owns, is in the possession of defendants. The court in making the

order finds that said diamond, that is plaintiff's diamond, is in the possession of defendants, "and that it is necessary, reasonable and proper that the said diamond should be produced." If the court found from the evidence on the motion that defendants had plaintiff's diamond, then a jury or the court sitting as a jury could so find in replevin or conversion, and I can see no application here of the principle laid down in State' ex rel. v. Anderson, the case relied on in the majority opinion. It appeared in the oral argument that one or both of the defendants in the replevin suit, were prosecuted by plaintiff in replevin for larceny for stealing this diamond, and that the diamond was in court and inspected and examined, and that defendants were acquitted because plaintiff in replevin could not satisfactorily identify the diamond. Had he been successful in prosecuting the criminal cause he might have had restitution under section 5332, Revised Statutes 1909. Failing to successfully invoke the arm of the criminal law, plaintiff proceeds in replevin and arms the sheriff with the writ. The sheriff goes in quest of "a diamond," and returns without one. Plaintiff is unwilling to proceed in the usual way, but invokes a power of a law court heretofore not exercised, if possessed, in this state or any other, and the court in response to this appeal orders the defendants to produce the diamond in order that plaintiff may have the second fall with a jury as to his ownership. It is conceded that the diamond ordered produced is the same diamond in evidence in the criminal case. Plaintiff makes no claim that the diamond he lost and which he now alleges is in the possession of defendants has any value to him except its intrinsic value in dollars and cents. Defendants do not claim to own the diamond, and it may be plaintiff's, but he it not entitled to have such an extraordinary exercise of power in order to ascertain whether he has a cause of action. I apprehend that there is more feeling that merit in plaintiff's motion. That the procedure in this replevin suit is somewhat of a departure I think will be conceded, and I think it is safer to indulge in no

doubtful departures. If the court can order the diamond in court in this replevin suit then any other chattel about which there is a dispute in replevin as to identity may be ordered up, as for example a mule, a horse, a cow, a goat, a sheep, etc.; and if such chattel is not suitable for presentation in court, it may be anchored at some convenient spot or place, and plaintiff and his witnesses may ''view'' the *rcs*, and fresh from the scene unfold the recently formed opinion as to identity to the jury. This is not the usual way that experience has tested and approved.

Springfield Court of Appeals, March 27, 1920.