## RILEY P. ROBERTSON, Respondent, v. ALICE JOHNSON, Appellant.

Springfield Court of Appeals, July 8, 1922.

1. **CONTRACTS: Where a Written Instrument is Susceptible of Two Interpretations, the One Giving Legal Effect Will be Adopted.** Where a written instrument is susceptible of two interpretations, one of which would destroy it, and the other give it legal effect, the one giving it legal effect will be adopted.

2. **EVIDENCE: Where Conduct of Party is Consistent with an Honest and a Dishonest Purpose, the Finding Must be in Favor of Honesty.** Where an act of a party is as consistent with an honest as a dishonest purpose, the finding must be in favor of the honesty of the transaction.

3. **CONTEMPT: Burden of Proof as to Ability to Comply with Order.**
Where defendant in an action to replevy a dimond and ring, filed
her return to the court's order to produce the ring, and set up facts
showing that, without her fault, the ring had been lost, and then
supported the facts by her sworn testimony, she made a showing
that prima facie purged her of contempt, and the burden of evi-
dence then shifted.

4. ————: **Burden of Proof was on Defendant After Admitting Pos-
session of Ring.** Where defendant admitted possession of ring, when
order to produce it was served upon her, the burden of proof was
upon her to show why she had not complied with the order.

5. ————: **Evidence Held Insufficient to Warrant a Conviction.** Evi-
dence *held* insufficient to warrant a conviction for contempt.

6. **ATTORNEY AND CLIENT: Silence of Attorney Held not to Affect
Testimony of Client.** The rule that a party is generally bound by
the act of his attorney in the conduct of a case in court, does not
apply to mere silence of the attorney in such a way as to hold the
party personally responsible in a way to cast doubt upon his testi-
mony.

7. **CONTEMPT: Suspicion Does not Warrant Conviction for Contempt.**
A party cannot be convicted of contempt of court upon mere sus-
picion, no matter how strong it may be.

Appeal from Newton County Circuit Court.—*Hon.
Charles L. Henson,* Judge.

REVERSED.

*Byron H. Coon* for appellant.

Where it is apparent that no disrespect was in-
tended, a disavowal of intention to commit a contempt
will be considered as purging the contempt. Powers v.
People, 114 Ill. App. 323, 327, 328. The present contempt
proceeding being entirely punitive in its character, is
criminal in its nature and respondent was clothed with
the presumptions that obtain in a criminal prosecution.
She was presumed innocent until that presumption was
overcome and her guilt established beyond a reasonable
doubt. Gompers v. Buck's Stove & Range Co., 221 U.
S. 418; Jones v. U. S., 209 Fed. 585; Hydocks v. State,

59 Neb. 296, 80 N. W. 902.    Physical inability to perform the ordered act is always a good excuse.    Adams v. Haskell, 6 Col. 316, 65 Am. Dec. 517; In re Harrison, 121 Fed. 984; Ex parte Wright, 65 Ind. 511; McKissack v. Voorhes, 119 Ala. 101; Huckins v. State, 61 Neb. 871, 86 N. W. 485.

*George J. Grayston* and *T. C. Tadlock* for respondent.

(1)    The power of the trial court to make the order requiring Alice Johnson to produce the diamond, in order that it might be introduced in evidence on the question of identity of the property, was settled by this court. State ex rel. Murphy v. Henson, 205 Mo. App. 289, 221 S. W. 135.    (2)    When the court has jurisdiction to make an order, it must be obeyed even though it may have been improvidently or erroneously made or granted.    Swedish American Tel. Co. v. Fidelity & Cas. Co., 70 N. E. 768, 772.

COX, P. J.—Plaintiff, Robertson, instituted a suit in replevin in Jasper County against Alice Johnson, Peter Murphy, and Byron H. Coon for the recovery of a diamond and ring.    It seems that Alice Johnson and Peter Murphy were charged with a criminal offense in connection with this diamond and ring and were tried on that charge at Carthage in Jasper County and acquitted.    The diamond and ring involved were in the possession of Alice Johnson and were produced at that trial.    The replevin suit was instituted immediately thereafter.    The proper affidavit and bond were filed authorizing the sheriff to take possession of the property and deliver it to plaintiff.    When the writ was served, the sheriff did not get possession of the property but why he did not does not appear in this record except in the testimony of Alice Johnson where she says the sheriff did not ask for it when he served the writ upon her.    A change of venue was taken and the case sent to Newton County without any further effort by plaintiff to secure

possession of the diamond and ring pending the trial. After the case reached Newton County, the plaintiff applied to the court for an order directing defendants, Johnson and Murphy, to produce the diamond in court at the trial to be used as evidence. This was resisted by defendants and an application for a writ of prohibition was filed in this court asking that the circuit judge be prohibited from enforcing the order to produce the diamond in court. This case was heard in this court and a decision rendered therein on March 20, 1920, which is reported in 205 Mo. App. 289, 221 S. W. 135. This court by a majority opinion, Judge BRADLEY dissenting, held that the circuit court had the authority to make and enforce the order requiring the defendants to produce the diamond in court at the trial to be used as evidence in the case. That decision has therefore become the law of this case and we shall not re-open the question. After the decision in this court in the prohibition proceeding was rendered, the trial of the replevin suit was continued from time to time until October 22, 1920, on which date, it appearing that the diamond was not present in court, the plaintiff asked that a citation be issued and served on defendants requiring them to show cause why they should not be adjudged guilty of contempt of court in not producing the diamond in conformity to the court's order. This motion was finally heard on December 6, 1920, and by the court taken under advisement until February 28, 1921, at which time the court discharged Murphy but found Alice Johnson guilty of contempt in not producing the diamond in court and ordered her committed to jail until such time as she should produce it or she should be otherwise discharged by due course of law. From this order said Alice Johnson has appealed.

At the hearing of the citation for contempt, Alice Johnson filed a return to the citation in which she alleged that she had lost the diamond on May 14, 1920. She alleged that she had not intentionally put the diamond out of her possession and control, but had tried to keep it

safely, and had kept it securely wrapped and tied in a silk glove that she pinned to an undergarment worn by her in order that she might keep it securely in her personal possession. That she had attended a theatre on the night of May 14, 1920, and on her return home and when disrobing to retire, discovered that the glove with the diamond in it was gone. That she then made diligent search for it; retraced her steps to the theatre in search for it; placed an advertisement in the paper and did all she could in an effort to find it but had been unable to do so and for that reason could not produce it in court. She was sworn and testified to the truth of the allegations of her return. She was cross examined at length but her testimony sustains the allegations of her return. She testified that she had the diamond and it was exhibited at the trial of the criminal case against her and Mr. Murphy; that she had always been willing to produce it. When asked by the court why she had prosecuted the writ of prohibition in the Court of Appeals, she stated that she had left that matter to her attorneys. She stated that she had found the diamond and did not claim to own it, but was holding it for the rightful owner when he should establish his right to it and pay her the expenses to which she was entitled. That the diamond had a flaw in it and that plaintiff had claimed another diamond as his since he had claimed this one. It was also shown that she had told her attorney of the loss of the diamond soon after it occurred and that his office was in fifty feet of the office of plaintiff's attorney and he had seen plaintiff's attorney often between May 14th, the date the diamond was said to be lost, and December 6, 1920, but had not told him of the loss of the diamond. The necessity for the production of the diamond at the trial in the replevin suit rested upon a certain defect or flaw in the stone which it was asserted would aid materially in its identification.

The question for our determination on this appeal is whether the court was justified, on the evidence adduced, in finding the defendant Alice Johnson guilty of

contempt. It is a familiar rule of law that in the interpretation of an instrument of writing if the writing is susceptible of two interpretations, one of which would destroy it and the other give to it a legal effect, the latter construction will be adopted. The same rule applies to the conduct of a party. If an act is as consistent with an honest as a dishonest purpose, the finding must be in favor of the honesty of the transaction. If we apply this rule to the facts in this case, we find that the appellant by her testimony, if it is believed, showed that the diamond which she was ordered to produce had been lost and could not be produced. If her testimony were true, then compliance with the court's order was impossible and she should not have been adjudged guilty of contempt. To find her guilty of contempt under those circumstances was equivalent to finding her guilty of perjury. When appellant filed her return to the show cause order of the court, though not verified, and set up the facts showing that, without her fault, the diamond had been lost and could not be produced and then supported that statement by her sworn testimony, she made a showing that prima facie purged her of the contempt. [Glover v. Insurance and Security Co., 130 Mo. 173, l. c. 187, 32 S. W. 302.]

Defendant having admitted that she had possession of the diamond when the order to produce was issued and served upon her, the burden of proof rested upon her to show why she had not complied with the order, but when, by her oath, she showed that compliance with the order was then impossible, she prima facie purged herself of contempt. The burden of evidence then shifted and she was entitled to be discharged, unless, upon a consideration of the whole testimony, the court should justly find that her oath was false or in some other way her prima-facie showing had been overcome. In this case, there was no way to overcome her prima-facie showing except to find that her oath was false. We do not think the evidence sufficient to justify that finding. There were some facts developed which are inclined to arouse

suspicion against both defendant and her counsel. The fact that the supposed loss occurred in a short time after this court had rendered a decision upholding the trial court in making the order to produce the diamond, is one circumstance. She testified that she had always been willing to produce the diamond and had no desire to conceal it and when asked by the court why the writ of prohibition had been asked in order to prevent the court from enforcing its order said she had left that matter to her attorney. That was a natural and plausible explanation of that part of her conduct, and if it reflects upon anyone, it is the attorney rather than her. The fact that her attorney did not disclose to the attorney for plaintiff he fact that the diamond had been lost and the further fact that no application had been made to vacate the order upon the ground that the diamond had been lost and the order could not be complied with, were the only other suspicious circumstances upon her side of the case and these were matters which were under the control of her attorney.

Generally speaking, a party is bound by the act of his attorney in the conduct of a case in court, but we do not think that would apply to mere silence of the attorney in such a way as to hold the party personally responsible in a way to cast doubt upon his or her sworn testimony. If this were a conviction for perjury on a charge of false swearing, we should have no hesitancy in holding that the evidence would not support the conviction. As already suggested, to uphold this conviction for contempt is, in effect, to hold that the defendant had committed perjury. We do not think the evidence sufficient to justify that holding. There is enough in the case to arouse a strong suspicion of guilt but a party cannot be convicted of either perjury or contempt of court upon mere suspicion no matter how strong it may be.

The judgment is reversed. *Farrington, J.,* and *Bradley, J.,* concur.