**WELLSTON TRUST CO. OF ST. LOUIS, MO., et al. v. SNYDER.**

**No. 10433.**

Circuit Court of Appeals, Eighth Circuit.
Jan. 8, 1937.

J. Marvin Krause, of St. Louis, Mo., for appellants.

Ruby M. Hulen, of St. Louis, Mo., for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This action was brought by the statutory receiver of the Grand National Bank, insolvent, against the Wellston Trust Company, a trust company organized under the laws of Missouri and in charge of the commissioner of finance of that state for liquidation, to recover a stockholders' liability for 2,400 shares of the stock of the Grand National Bank. It was alleged that the Trust Company was the real owner of this stock at and prior to the closing of the Grand National Bank, although it did not appear as such owner on the books of the bank. The case was tried to the court without a jury on stipulation of the parties, and resulted in findings and conclusions in favor of plaintiff and a judgment in accordance therewith for the full amount of the statutory liability.

On this appeal, the sole question presented is whether the court erred in finding from the evidence that the Trust Company was the actual owner of the stock. The stock stood on the stock register of the Grand National Bank at the time that institution closed, in the name of Ed Mays, who seems to have been the guiding spirit and controlling influence in both of these financial institutions. It was contended in the lower court, and is likewise urged here, that Mays remained the owner of the stock. This issue was dependent upon facts which the lower court found in favor of appellee and against appellants. The findings of the court in a jury-waived case have the same effect as a verdict of the jury, and are conclusive of all fact questions. Lambert Lumber Co. v. Jones Engineering & Construction Co. (C.C.A.8) 47 F.(2d) 74; Southern Surety Co. v. Fidelity & Cas. Co. (C.C.A.8) 50 F.(2d) 16; Chicago, M., St. P. & P. R. Co. v. Flanders (C.C.A.8) 56 F.(2d) 114;

First Nat. Bank v. Andresen (C.C.A.8) 57 F.(2d) 17; Brooks v. Willcuts (C.C.A.8) 78 F.(2d) 270. If there was substantial evidence to sustain the findings of the court, they should be sustained on this appeal.

The court found that on November 6, 1931, the board of directors of the Wellston Trust Company adopted the following resolution: "Upon motion made by Mr. Stille, seconded by Mr. Behle, that the Wellston Trust Company buy 2400 shares of Grand National Bank stock in accordance with Section 5429, Article IX, of the Revised Statutes of Missouri, State Banking Laws, at a price of $115.00 per share."

The court then found that, following the adoption of this resolution, Ed Mays delivered to the Trust Company 2,400 shares of the stock of the Grand National Bank, in payment for which the Trust Company placed the sum of $276,000 to the credit of Mays, all of which was "consumed" by Mays in taking out of the Trust Company certain items or notes objected to by the state finance commissioner; that the certificates of stock were indorsed in blank by Mays; that the Grand National Bank had frequently transferred its shares of capital stock on its book by indorsement without witnesses to the indorsement; that the Trust Company became the owner of the stock on the 17th of November, 1931, and on that date its board of directors adopted a resolution authorizing its president to enter into a contract for the sale of the stock, which contract was actually signed, but the sale was never consummated; that the Trust Company kept a book which it called its "Stock and Bond Register," and in this book was kept the record of the stocks and bonds owned by the Trust Company, and on or about the 17th of November, 1931, it entered in this book the 2,400 shares of stock of the Grand National Bank as an asset of the Trust Company; that in its financial statements made up by the board of directors following November 17, 1931, it listed and carried this stock as an asset of the value of $276,000, and that in its monthly financial statements made thereafter and until the Trust Company was taken over by the finance commissioner for liquidation there was carried as an asset this stock; that during the same period the Trust Company, through its officers, prepared confidential financial statements which were sworn to as containing a true statement of its affairs and its assets, and that in these statements there was carried as an asset this stock of the value of $276,000; that during the same time the Trust Company from time to time published in newspapers circulated in the city of St. Louis financial statements showing, among other things, the resources and assets of the company, and that in each of these published statements there was listed under resources in the division of stocks an asset of the value of $276,000, which referred to this stock; that the officers of the Trust Company knew that the statements carried as an asset of the company this stock of the alleged value of $276,000; that, prior to passing the resolution authorizing the purchase of this stock, there was submitted to a duly licensed attorney the question as to whether the Trust Company was authorized by law to purchase and own stock in a national bank, and said attorney, before the adoption of the resolution, advised the members of the board of directors that the Trust Company could lawfully purchase and own stock in a national bank; that the stock certificates for this stock were kept in a box in the vault of the Trust Company, where it kept stocks and bonds of which it claimed to be the owner, from November 17, 1931, until the company was taken over by the finance commissioner for liquidation; that when the Trust Company was taken over by the finance commissioner an inventory of its assets was made, and under the heading of "Stocks and Bonds" owned at the time the company was taken over was listed 2,400 shares of stock in the Grand National Bank, and at that time the certificates representing this stock were in the vault of the Trust Company. The court made some further findings which we do not deem essential for a proper understanding of the issues in this case.

The court concluded that the Wellston Trust Company was the actual owner of the stock, and was liable for the assessment, although it did not appear as such owner upon the stock register or transfer book of the Grand National Bank; that under the provisions of section 5429 of the Revised Statutes of Missouri (Mo.St.Ann. § 5429, p. 7636) the Trust Company was authorized to own the stock; that the statute of Missouri forbids a loan to one individual of more than 15 per cent. of the capital surplus of a trust company, and to

construe the transaction under consideration as a loan of $276,000, instead of a purchase of 2,400 shares of the stock of the Grand National Bank, would be to attempt to give legal effect to an act beyond and outside of the authority of the Trust Company. There are other conclusions which do not seem to be material to the disposition of the case.

It is to be observed that these findings are for the most part based upon record or documentary evidence. Those which are not so established find support in the undisputed oral testimony offered at the trial. The evidence in support of these findings is not only uncontradicted and unimpeached, but is convincing. True, appellant contends that the evidence is consistent with the theory that Mays borrowed $276,000 from the Trust Company and pledged this stock as security, but certainly it does not compel such a conclusion, and, in our view of the record, the findings are sustained by abundant convincing evidence.

The findings being sustained by substantial evidence, the judgment should be affirmed, unless, as claimed by appellant, the Trust Company was without power to buy this stock. This argument is based upon the inhibitions contained in paragraph 9 of section 5429, Revised Statutes of Missouri (Mo.St.Ann. § 5429, par. 9, p. 7639). To this contention there seems to be an answer in the provisions of the statute itself. Following the limitation recited, the statute provides that "this limitation shall not apply * * * to the ownership by such trust company or its stockholders of a part or all of the capital stock of one bank organized under the laws of the United States or of this state." Under the plain reading of this statute, the limitation invoked is not here applicable.

Apparently the matter had been given consideration by the Trust Company before it authorized the purchase of the stock, because it secured legal advice on the subject. But, quite aside from the statute, it appears that the Trust Company purchased this stock from Mays for the purpose of enabling him to remove from the bank notes objected to by the state finance commissioner. In effect, the Trust Company exchanged paper which it had been ordered to charge off for this stock, the purpose of its officials being to better the condition of the company's assets. Under such conditions it should not be held that the Trust Company was dealing in stocks. First Nat. Bank v. National Exchange Bank, 92 U.S. 122, 23 L.Ed. 679; Citizens' State Bank v. Hawkins (C.C.A.) 71 F. 369.

We think the lower court correctly held that the transaction whereby the appellant purchased this stock was not within the inhibitions contained in the cited statute. If, on the other hand, as observed by the lower court, the transaction should be construed as a loan of $276,000 to Mays, it would be illegal because the laws of Missouri prohibit a loan to one individual by a trust company in excess of 15 per cent. of its capital and surplus. Such a purpose should not be imputed to the Trust Company. Sebastian County Coal & Min. Co. v. Mayer, 310 Mo. 104, 274 S.W. 770; Robertson v. Johnson, 210 Mo.App. 585, 243 S.W. 215; Croghan v. Savings Trust Company (Mo.App.) 85 S.W.(2d) 239.

We conclude that the record abundantly sustains the finding of the lower court that appellant was the real owner of this stock. Being the real owner, it was liable for assessment. Ohio Valley Nat. Bank v. Hulitt, 204 U.S. 162, 27 S.Ct. 179, 51 L.Ed. 423; Pauly v. State L. & T. Co., 165 U.S. 606, 17 S.Ct. 465, 41 L.Ed. 844; Houghton v. Hubbell (C.C.A.) 91 F. 453; Horton v. Mercer (C.C.A.) 71 F. 153.

The judgment appealed from is therefore affirmed.